**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTINIANO BLANCO-RIVERA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-657

Agency No.
A205-944-417

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2025[**]
San Francisco, California

Before: FRIEDLAND, BRESS, and MENDOZA, Circuit Judges.

Martiniano Blanco-Rivera, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal from an Immigration Judge's (IJ) order denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the denial of asylum and withholding of removal for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We deny the petition for review.[1]

To be eligible for asylum, Blanco-Rivera must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). For withholding of removal, Blanco-Rivera must establish "that it is more likely than not" that he will be persecuted "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see* 8 U.S.C. § 1231(b)(3)(A). For both forms of relief, he must show that his past or feared persecution bears a nexus to a protected ground. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1143, 1146–47 (9th Cir. 2021). For asylum, the petitioner must show that a protected ground "was or will be at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i). For withholding of removal, there is a nexus if the petitioner shows that a protected ground was "a reason" for the past or feared harm. *Barajas-Romero*, 846 F.3d at

---

[1] Blanco-Rivera also applied for protection under the Convention Against Torture (CAT), but he did not challenge the IJ's denial of CAT relief before either the BIA or this court. Any CAT claim is therefore unexhausted and forfeited.

360.

In this case, substantial evidence supports the denial of asylum and withholding of removal based on a lack of nexus to a protected ground. The record supports the agency's determination that the cartel members who threatened and extorted Blanco-Rivera were motivated by pecuniary gain. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Blanco-Rivera's testimony before the IJ also supported the agency's determination that Blanco-Rivera's fears were based on general criminal activity in Mexico.

**PETITION DENIED.**[2]

---

[2] Blanco-Rivera's motion to stay removal, Dkt. 4, is denied. The temporary stay of removal shall remain in place until the mandate issues.

24-657